IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>[4] SANTOS A. PACHECO-BORRERO,<br><br>Defendant. | CRIMINAL NO. 08-175 (ADC) |

**REPORT AND RECOMMENDATION**

Defendant Santos A. Pacheco-Borrero was charged in Counts One (1) through Seven (7) of an Indictment and he agreed to plead guilty to Count One of the Indictment. Count One charges that, on a date unknown, but no later than in or about the year 2005, and continuing up to and until the return of the instant Indictment, that is, May 7, 2008, in the Municipality of Ponce, District of Puerto Rico, and within the jurisdiction of this Court, defendant [4] Santos A. Pacheco-Borrero, and other persons, did knowingly and intentionally, conspire, combine and agree with diverse other persons known and unknown to the Grand Jury, to commit an offense against the United States, that is, to knowingly and intentionally possess with intent to distribute and/or to distribute controlled substances, to wit: in excess of one (1) kilogram of heroin, a Schedule I Narcotic Controlled Substance; and/or in excess of fifty (50) grams of cocaine base, a Schedule II Narcotic Drug Controlled Substance; and/or in excess of five (5) kilograms of cocaine, a Schedule II, Narcotic Drug Controlled Substance; and/or in excess of one hundred (100) kilograms of marijuana, a Schedule I, Controlled Substance; within one thousand (1,000) feet of the real property comprising a public or private school, as prohibited by Title 21, United States Code, Sections 841(a)(1) and 860. All in violation of Title 21, United States Code, Sections 846.

United States of America v. Santos A. Pacheco-Borrero [4]
Criminal No. 08-175(ADC)
Report and Recommendation
Page 2

On October 29, 2008, defendant appeared before this Magistrate Judge, since the Rule 11 hearing was referred by the Court. Defendant was provided with a Waiver of Right to Trial by Jury, which he signed and agreed upon voluntarily after examination in open court, under oath.

Defendant indicated and confirmed his intention to plead guilty to Count One of the Indictment, upon being advised of his right to have said proceedings before a district judge of this court.[1] Upon verifying through defendant's statement his age, education and any relevant aspect as to the use of medication[2], drugs, alcohol or substance dependency, and psychological or psychiatric condition, to ascertain his capacity and ability to understand, answer and comprehend the interactive colloquy with this Magistrate Judge, a determination was made as to defendant's competency and ability to understand the proceedings.

Having further advised defendant of the charges contained in above-stated Count One, he was examined and verified as being correct that: he had consulted with his counsel, Alice Velázquez, prior to the hearing for change of plea, that he was satisfied with the services provided by his legal representative and had time to discuss with her all aspects of the case, insofar, among other things, regarding the change of plea, the consent to proceed before a United States Magistrate Judge, the content of the Indictment and the charges therein, his constitutional rights and the consequences of the waiver of same.

Defendant was specifically apprised by this Magistrate Judge that, upon withdrawing his initial plea of not guilty and now entering a plea of guilty to the charge specified, he was waiving his right to a public, speedy, and a trial by jury constituted by twelve jurors who have

---

[1] The form entitled Consent to Proceed Before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

[2] Defendant indicated he took Ergotamine for migraine within 24 hours of the hearing. Defendant did not recall the dosage of the medication and indicated the intake of the same did not affect him in understanding the proceedings.

United States of America v. Santos A. Pacheco-Borrero [4]
Criminal No. 08-175(ADC)
Report and Recommendation
Page 3

to unanimously agree to a verdict. He was also waiving his right to be presumed innocent and for the government to meet the obligation of establishing his guilt beyond a reasonable doubt. Furthermore, he was waiving his right during said trial to confront the witnesses who were to testify against him and be able to cross-examine them, through counsel at said trial, as well as present evidence on his behalf. He was also waiving the right to compel the attendance of witnesses and that subpoenas be issued to have them appear in court to testify. Defendant was specifically apprised of his right to take the stand and testify, if he so decided, or not to testify, and no inference or decision as to his guilt could be made from the fact if he decides not to testify. Defendant was also explained his right not to incriminate himself; that upon such a waiver of all above-discussed rights a judgment of guilty and his sentence were to be based on his plea of guilty, and he would be sentenced by the judge after considering the information contained in a pre-sentence report.

As to all the above, defendant provided an individualized and positive acknowledgment of each and every waiver and, with the assistance of his counsel, Attorney Velázquez, indicated he freely and voluntarily waived those rights and understood the consequences. During all this colloquy, defendant was made aware that he could freely request from this Magistrate Judge any additional clarification, repetition, or ask questions and that he may consult with his attorney at any given time as to any issue.

Defendant expressed his understanding of the penalties prescribed by statute for the offenses as to which he was pleading guilty. The penalty for the offense charged in Count One is term of imprisonment of not less than (10) years and up to life imprisonment, a fine not to exceed four million dollars ($4,000,000.00), a term of supervised release of at least five (5) years in addition to any term of incarceration. In accordance with Title 21, <u>United States Code</u>,

Section 860, the maximum penalties would be twice that of Section 841, and at least twice the term of supervised release authorized by Section 841.

The Court must also impose a mandatory penalty assessment of one hundred dollars($100.00), per count, to be deposited in the Crime Victim Fund.

Having ascertained directly from defendant that he had not been induced in any way to plead guilty, that no one had forced him in any way to plead guilty, nor that he had been offered any reward or any other thing of value to get him to plead guilty, the document entitled "Plea Agreement" pursuant to Rule 11(c)(1)(B) FRCP ("the Agreement") and the "Plea Agreement Supplement" were shown to defendant, verifying his signature and initials on each and every page.

Pursuant to said Agreement, and insofar as Count One, as to which defendant already was aware of the maximum possible penalties, defendant was apprised that it was up to the sole discretion of the sentencing court what the sentence to be imposed on him will be. Defendant was specifically informed that if the sentencing court were to impose a sentence which turned out to be higher or more severe than the one he might be expecting, for said reason alone, defendant would have no grounds for the court to allow him to withdraw his plea of guilty.

The above-captioned parties' estimate and agreement that appears on page four (4) and five (5), paragraph seven (7) of the Agreement, regarding the possible applicable advisory Sentencing Guidelines, were further elaborated and explained. The parties stipulate that, as part of the plea agreement, the defendant is accepting responsibility for 1,000 kilograms of marijuana. Pursuant to U.S.S.G. § 2D1.1(4), the Base Offense Level is of Thirty-Two (32). Pursuant to U.S.S.G. § 2D1.2(a)(1), a two (2) level increase is warranted for protected location. Pursuant to U.S.S.G. § 3E1.1, a decrease of three (3) levels is agreed for acceptance of

United States of America v. Santos A. Pacheco-Borrero [4]
Criminal No. 08-175(ADC)
Report and Recommendation
Page 5

responsibility. Therefore, the Total Offense Level is of Thirty-One (31), yielding an imprisonment range of one hundred and eight (108) to one hundred and thirty-five (135) months, assuming a Criminal History Category of I.

The parties agree to recommend a term of imprisonment of one hundred and thirty two (132) months in the event that defendant's Criminal History Category is I or II. Should the defendant's criminal history category be III or higher, the parties would then recommend that the defendant be sentenced at the lower end of a total offense level thirty- one (TOL 31). Any recommendation for a term of imprisonment of less than one hundred and thirty two (132) months would constitute a breach of the plea agreement.

Pursuant to paragraph eight (8), the United States and the defendant agree that no further adjustments or departures to the defendant's total adjusted base offense level shall be sought by the parties.

At sentencing, the United States shall request the dismissal of the remaining counts of the Indictment which were filed against the defendant.

As part of the written Agreement, the government, the defendant, and his counsel also agreed they are aware that the Sentencing Guidelines are no longer mandatory and are thus considered advisory.

The government presented to this Magistrate Judge and to defendant, assisted by his counsel, a summary of the basis in fact for the offenses charged and the evidence the government had available to establish, in the event defendant had elected to go to trial, the commission of the offense, beyond a reasonable doubt. Counsel and defendant acknowledged the evidence of the government was fully disclosed to them and previously discussed between the two. Defendant was able to understand this explanation and agreed with the government's submission.

United States of America v. Santos A. Pacheco-Borrero [4]
Criminal No. 08-175(ADC)
Report and Recommendation
Page 6

Defendant was explained that the Agreement with the government does not bind any other district, except the district of Puerto Rico, and it contained all the promises, terms and conditions which defendant, his attorney and the government, have entered.

Having once more ascertained that defendant has indicated not being induced to plead guilty, and was entering such a plea because in fact he is guilty, without any promises or predictions being made as to the sentence to be imposed by the court, defendant was informed that parole has been abolished under the advisory Sentencing Reform Act and that any sentence of imprisonment would be served, without him being released on parole. Defendant was additionally informed that prior to sentence, the sentencing judge will have a pre-sentence report and that it would be made available to him, to his counsel and to the government, so that they be allowed to correct or object to any information contained in said report which was not accurate. Depending on the facts found by the court at the time and the sentence imposed, both defendant and the government may appeal the sentence of the court.[3]

Count One of the Indictment was read in open court to defendant and he stated he understood the charges and that he was pleading guilty to Count One. Defendant was shown a written document entitled Statement of Facts, which had been signed by defendant and his counsel and is attached to the Agreement, wherein the signature of counsel for the government also appears. Defendant was provided an opportunity to see and examine same, indicating he availed himself of the opportunity to further discuss same with his attorney and then he positively stated that what was contained in Count One was what he had done and to which he was pleading guilty during these proceedings. Thereafter, defendant expressed in no uncertain terms that he agreed with the government's evidence as to his participation in the offense.

---

[3] The right to appeal is subject to certain limitations allowed by law since the Agreement also includes in paragraph seventeen (17) a waiver of appeal. Defendant acknowledged discussing the waiver of appeal with his counsel and stated he understood the consequences of the same.

<u>United States of America v. Santos A. Pacheco-Borrero [4]</u>
Criminal No. 08-175(ADC)
Report and Recommendation
Page 7

Thereupon, defendant indicated he was pleading guilty to Count One of the Indictment in Criminal No. 08–175 (ADC).

This Magistrate Judge after having explained to the defendant his rights, ascertaining that he was acting freely and voluntarily to the waiver of such rights and in his decision of pleading guilty, with full knowledge of the consequences thereof, and there being a basis in fact for such a plea, is recommending that a plea of guilty be entered as to Count One of the Indictment in Criminal No. 08-175 (ADC).

**IT IS SO RECOMMENDED.**

The sentencing hearing will be scheduled promptly, before Honorable Aida M. Delgado-Colón, District Court Judge.

San Juan, Puerto Rico, this 29th day of October of 2008.

                                                 s/ CAMILLE L. VELEZ-RIVE
                                                 CAMILLE L. VELEZ-RIVE
                                                 UNITED STATES MAGISTRATE JUDGE